IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID SILVA  :  | CIVIL ACTION |
| Plaintiff,  : | |
| v.  : | NO.: 18-14845 |
| :  | |
| C A C INTERNATIONAL, LLC  : | |
| :  | |
| Defendant.  : | |

## THE PARTIES JOINT MOTION FOR APPROVAL OF THE SETTLEMENT AGREEMENT

The parties, by and through their attorneys, file the instant Motion in this matter and rely on the factual and legal analysis set forth below. The parties jointly request approval of the Settlement Agreement in this case and request that the Court enter an Order approving same.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**  **DEUTSCH ATKINS, P.C.**

*/s/ Jeremy M. Cerutti*  */s/ Adam J. Kleinfeldt*
Jeremy M. Cerutti, Esq.  Adam Kleinfeldt, Esq.
Karpf, Karpf & Cerutti, P.C.  Deutsch Atkins, P.C.
3331 Street Road  25 Main Street, Suite 2014
Two Greenwood Square, Suite 128  Hackensack, NJ 07601
Bensalem, PA 19020  Attorney for Defendant
Attorney for Plaintiff

Date: March 7, 2019

1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID SILVA | CIVIL ACTION |
| Plaintiff, | |
| v. | NO.: 18-14845 |
| C A C INTERNATIONAL, LLC | |
| Defendant. | |

**THE PARTIES' JOINT MOTION FOR APPROVAL OF SETTLEMENT**

**I. Procedural Background**

The above-captioned matter involves claims brought by Plaintiff against Defendant for violations of Fair Labor Standards Act ("FLSA - 29 U.S.C. § 201 *et. seq.*), and applicable state law(s). *See* Docket Entry No. 1. The parties litigated this matter by preparing and filing the pleadings, engaging in discussions regarding the matter, creating calculations regarding the number of hours Plaintiff worked and/or may have worked overtime and preparing initial discovery requests.

The parties reached a settlement of this matter, prepared and revised a Settlement Agreement and have signed off on same.[1] The parties have reached a meeting of the minds on all material terms of settlement and hereby submit this settlement for approval by this Honorable Court.[2]

---

[1] *See* Settlement Agreement and General Release documents attached hereto as "Exhibit A."
[2] New Jersey public policy favors settlements of litigation. (*citing Longo v. First Nat. Mortgage Sources*, 523 Fed.Appx. 875, 878, (3d Cir. 2013)); *Nolan by Nolan v. Lee Ho*, 120 N.J. 465, 472 (1990). In order to have an enforceable settlement or contract there "must be a 'meeting of the minds' for each material term to an agreement." *Pacific Alliance Grp.* 2006 WL 166470, at *3 (*citing Sampson v. Pierson*, 140 N.J. Eq. 524 (N.J. Ch. 1947)). "A meeting of the minds occurs when there has been a common understanding and mutual assent of all the terms of a contract." *Knight v. New England Mut. Life Ins. Co.*, 220 N.J. Super. 560, 565 (App. Div. 1987) (citing, omitted); Objective manifestations of intent are controlling when determining if there was a meeting of the minds. *See Brawer v. Brawer*, 329 N.J. Super. 273, 283 (App. Div. 2000) ("A contracting party is bound by the apparent intention he or she outwardly manifests to the other party. It is immaterial that he or she has a different, secret intention from that outwardly manifested."); *Leitner v. Braen*, 51 N.J. Super. 31, 38 (App. Div. 1958)("The phrase, 'meeting of the

2

## II. Factual Background

Plaintiff worked for Defendants from in or about September 2017 to in or about June 2018. During Plaintiff's employment, Defendant considered him a non-exempt employee.

Plaintiff filed a lawsuit against Defendants in October 2018 alleging that Defendant failed to properly pay him overtime wages. *See* Docket Entry No. 1.

As damages, Plaintiff sought unpaid overtime wages, liquidated damages and reasonable attorney's fees and costs. Specifically, Plaintiff claimed he worked approximately 200 hours for which he was not paid between in or about September 2017 and June 2018. In addition, Plaintiff also sought liquidated damages for Defendants' allegedly willful conduct. In total, Plaintiff's unpaid wages totaled approximately $7,928.00 (~200 hours x $39.64/hour). Plaintiff also sought reasonable attorney's fees and costs.[3]

Defendant contends that Mr. Silva was an exempt employee not entitled to overtime and disputes that Mr. Silva worked the number of hours he alleged, that Defendant failed to pay him for the hours he worked or otherwise failed to compensate him for hours worked. Thus, the number of hours he worked, whether any overtime compensation is owed and his alleged losses are all disputed. Thus, Defendant has denied all of Plaintiff's allegations.

The parties partially litigated this matter, including preparing and filing the pleadings, speaking with each other about the merits of the case and preparing initial discovery requests.

---

minds,' can properly mean only the agreement reached by the parties as expressed, i.e., their manifested intention, not one secret or undisclosed, which may be wholly at variance with the former."). In this case, both parties had a meeting of the minds and reduced that agreement to writing (i.e. a Settlement and Release Agreement).

[3] Plaintiff's counsel is entitled to reasonable attorneys' fees to compensate them for their work in recovering unpaid wages under the FLSA. *Brumley v. Camin Cargo Control, Inc.,* 2012 U.S. Dist. LEXIS 40599, *28-29 (D.N.J. Mar. 26, 2012) To determine the reasonableness of an attorneys' fee award in a FLSA collective action, judicial review is required "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Id. citing Silva v. Miller*, 307 Fed. Appx. 349, 2009 U.S. App. LEXIS 561 (11th Cir. Fla. 2009); *see also Maddrix v. Dize*, 153 F.2d 274, 275-76 (4th Cir. 1946).

As a result of the foregoing, the parties seek Court approval of the proposed settlement agreement because said agreement resolves a bona fide dispute.

The settlement distribution is as follows:

* Payment to Plaintiff: $5,000.00

* Payment to Karpf, Karpf & Cerutti, P.C.: $3,050.00 (including costs) [4]

### III. Legal Analysis

Congress enacted the FLSA for the purpose of protecting all covered workers from substandard wages and oppressive working hours. *Barrentine v. Arkansas-Best Freight Sys.*, 450 U.S. 728, 739, 101 S. Ct. 1437, 67 L. Ed. 2d 641 (1981); see also 29 U.S.C. § 202(a). Congress designed the FLSA to ensure that each employee covered by the Act would receive "[a] fair day's pay for a fair day's work and would be protected from the evil of overwork as well as underpay." *Id.* at 739 (internal citations and quotations omitted). The FLSA recognizes that "due to the unequal bargaining power as between employer and employee, certain segments of the population required federal compulsory legislation to prevent private contracts on their part which endangered national health and efficiency and as a result the free movement of goods in interstate commerce." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706-07, 65 S. Ct. 895, 89 L. Ed. 1296 (1945). Under § 216(b), an employer who violates § 206 or § 207 is liable to the affected employee or employees for unpaid minimum or overtime compensation, and for an additional equal amount as liquidated damages. 29 U.S.C. § 216(b). Section 216(b) allows an employee to bring suit against his employer "for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b); *Burke v. Wackenhut Corp.*, Civ. A. No. 06-0050, 2007 U.S. Dist. LEXIS 15169 at *4 (M.D. Pa. 2007).

---

[4] In this case, there is no dispute that Plaintiff's counsel incurred approximately $505.75 in costs and at least $2,600.00 in fees. *See* Spreadsheet of Costs attached hereto as "Exhibit B."

The Supreme Court issued two opinions in the 1940s that defined the scope of private settlement and waiver of claims under § 216(b). In *O'Neil*, the Court refused to recognize employee waivers of their right to liquidated damages. 324 U.S. at 715. The Court reasoned that if it allowed the stipulated waiver of statutory wages, it would emasculate the underlying purpose of the statute. *Id.* at 707. The Court concluded that, for the same reason, employees cannot waive their right to liquidated damages. Id. Notably, the *O'Neil* Court expressly declined to decide whether FLSA settlements can be permitted in cases of bona fide disputes between the parties. *Id.* at 714.

The next year, in *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S. Ct. 925, 90 L. Ed. 1114 (1946), the Court held that FLSA barred a private settlement agreement even though there was a bona fide dispute regarding whether certain employees were covered by the Act. The Court reasoned that the purpose behind FLSA "leads to the conclusion that neither wages nor the damages for withholding them are capable of reduction by compromise [o]f controversies over coverage." *Id.* at 116. The Court again made clear that it was not deciding whether to bar private settlements involving bona fide factual disputes, such as disagreements over the number of hours an employee worked or the employee's regular rate of pay. *Id.* at 114-15.

Subsequent amendments to the FLSA, namely, the Portal-to-Portal Act of 1947, 29 U.S.C. § 253, and the Fair Labor Standards Amendments of 1949, 29 U.S.C. § 216(c), opened the door to some waivers of FLSA rights. However, there is a current split of authority regarding whether purely private compromises of bona fide FLSA wage disputes are acceptable.

In *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't. of Labor*, 679 F.2d 1350 (11th Cir. 1982), the 11th Circuit refused to enforce a wholly private FLSA settlement regarding a dispute of liability. The Department of Labor found that Lynn's Food Stores ("Lynn's Food") violated the FLSA's minimum wage and overtime provisions. *Id.* at 1352. After failing to negotiate with the Department of Labor, Lynn's Food offered its employees $1,000 collectively in exchange for their

5

release of all FLSA claims for compensation. *Id.* Fourteen employees signed the agreements, and Lynn's Food brought an action seeking judicial approval of the settlement in district court. *Id.* The district court rejected this settlement and the 11th Circuit affirmed, finding that the agreements did not fall into either recognized category for settlement of FLSA claims. *Id.* at 1353. The court held that FLSA claims for back wages may only be settled or compromised by employees in two ways: (1) by the Secretary of the Department of Labor supervising payments to employees under § 216(c); or (2) by the employee bringing a lawsuit against his employer under § 216(b), presenting to the district court a proposed settlement, and the court entering a stipulated judgment after reviewing the settlement for fairness. *Id.* at 1353. The court reasoned that judicial approval of lawsuits "provides some assurance of an adversarial context" and that "when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching." *Id.* at 1354. *See also Beard v. District of Columbia Hous. Auth.*, 584 F. Supp. 2d 139, 143 (D.D.C. 2008) ("It is a long held view that FLSA rights cannot be abridged or otherwise waived by contract because such private settlements would allow parties to circumvent the purposes of the statute by agreeing on sub-minimum wages."); *Copeland v. ABB, Inc.*, 521 F.3d 1010, 1014 (8th Cir. 2008) (explaining that an employee did not waive her FLSA rights by choosing to take an unpaid excused absence because the only way an employee may waive FLSA rights is by accepting payment of unpaid wages under the supervision of the Secretary of Labor or by bringing a lawsuit against his employer and requesting the court to enter a stipulated judgment); *O'Connor v. United States*, 308 F.3d 1233, 1243-44 (Fed. Cir. 2002) (citing Lynn's Food as governing FLSA settlement agreements under private sector labor law); *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986) (explaining in dicta that "[c]ourts . . . have refused to enforce wholly private [FLSA] settlements").

The Third Circuit has not addressed whether FLSA lawsuits claiming unpaid wages may be settled privately without court approval. Several cases from the District of New Jersey and the Eastern District of Pennsylvania have cited to Lynn's Food and assumed that judicial approval is necessary. *See Cuttic v. Crozer-Chester Med. Ctr.,* 868 F. Supp. 2d 464 (E.D. Pa. 2012); *Morales v. PepsiCo, Inc.,* Civ. A. No. 11-6275, 2012 U.S. Dist. LEXIS 35284 (D.N.J. 2012); *Brumley v. Camin Cargo Control, Inc.,* Civ. A. No. 08-1798, 2012 U.S. Dist. LEXIS 11702 (D.N.J. 2012); *Bredbenner v. Liberty Travel, Inc.,* Civ. A. No. 09-905, 2011 U.S. Dist. LEXIS 38663 (D.N.J. 2011). The Third Circuit has, in dicta, indicated that bona fide disputes over the facts leading to liability may be settled without court approval. *See Coventry v. U.S. Steel Corp.,* 856 F.2d 514, 521 n.8 (3d Cir. 1988) (observing that a employee cannot generally waive his rights under FLSA, but that he may be able to release a factually disputed claim); *Watkins v. Hudson Coal Co.,* 151 F.2d 311, 314 (3d Cir. 1945) (noting that a private agreement over the amount of wages owed by an employer "may, under proper circumstances, be upheld.")); accord *Burke v. Wackenhut Corp.,* Civ. A. No. 06-0050, 2007 U.S. Dist. LEXIS 15169, at *7-8 (M.D. Pa. 2007).

Courts in this Circuit hold that "bona fide disputes of FLSA claims may only be settled or compromised through payments made under the supervision of the Secretary of the Department of Labor or by judicial approval of a proposed settlement in a FLSA lawsuit." *Deitz v. Budget Innovations & Roofing, Inc.,* 2012 U.S. Dist. LEXIS 177878(M.D. Pa. 2012). It is simply impossible to ensure that an agreement settles a bona fide factual dispute over the number of hours worked or the regular rate of employment in the absence of judicial review of the proposed settlement agreement. *See Collins v. Sanderson Farms, Inc.,* 568 F. Supp. 2d 714, 719-20 (E.D. La. 2008) (defining a bona fide dispute as "some doubt . . . that the plaintiffs would succeed on the merits through litigation of their claims" because "[i]f no question exists that the plaintiffs are

7

entitled under the statute to the compensation they seek . . . then any settlement of such claims would allow the employer to negotiate around the statute's mandatory requirements.").

When employees bring a private action under the FLSA, and present to the district court a proposed settlement pursuant to that Act's § 216(b), the district court may enter a stipulated judgment if it determines that the compromise reached is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Brumley v. Camin Cargo Control, Inc.*, 2012 U.S. Dist. LEXIS 40599, 2012 WL 1019337, at *2 (D. N.J. 2012) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)). District courts in the Third Circuit typically look to the considerations set forth in *Lynn's Food* when deciding whether to approve a FLSA settlement. *Altenbach v. Lube Center, Inc.*, 2013 U.S. Dist. LEXIS 1252, 2013 WL 74251, at *1 (M.D. Pa. 2013):

A. **"Bona fide" Dispute**

A dispute is "bona fide" when it involves "factual issues" rather than "legal issues such as the statute's coverage and applicability," *Lignore v. Hosp. of Univ. of Pa.*, 2007 U.S. Dist. LEXIS 32169, 2007 WL 1300733, at *3 (E.D. Pa. 2007) (quoting *Morris v. Penn Mut. Life Ins. Co.*, 1989 U.S. Dist. LEXIS 1690, 1989 WL 14063, at *4 (E.D. Pa. 1989)), and when its settlement "reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching," *Brumley*, 2012 U.S. Dist. LEXIS 40599, 2012 WL 1019337, at *2 (quoting *Lynn's Food*, 679 F.2d at 1354).

In this case, the dispute between the parties is certainly bona fide because it involves abundant factual issues, including the number of hours Plaintiff worked, whether Plaintiff worked more than 40 hours in any week and whether Defendant properly recorded Plaintiff's hours. These factual disputes required the case to be litigated by both parties. The settlement in this case

represents a resolution of these factual disputes rather than a mere waiver of Plaintiff's statutory rights.

### B. Fair and Reasonable Resolution

The second factor Courts typically consider is whether the resolution is "fair and reasonable." *Altenbach*, 2013 U.S. Dist. LEXIS 1252, 2013 WL 74251, at *2; *Girsh v. Jepson*, 521 F.2d 153 (3d Cir. 1975). In this case, the settlement agreement includes valuable consideration by Defendant for Plaintiff's waiver of all claims as well as "bargained for" non-monetary terms. Defendant has agreed to pay Plaintiff for his claims of unpaid wages and attorney's fees and costs (as set forth in the agreement), which represent his damages in this case. The amount of the settlement is extremely proportionate to Plaintiffs' alleged losses. In addition, Defendant denies any violations of the FLSA or state law and does not admit to any liability via this agreement. Instead, the settlement agreement represents a negotiated resolution of disputed facts. As a result, the resolution is fair and reasonable.

### C. Settlement Does Not "Impermissibly Frustrate" the Implementation of FLSA in the Workplace.

Finally, having decided that the settlement is fair and reasonable, the Court must determine whether the settlement would "impermissibly frustrate[] the implementation of FLSA in the workplace." *Altenbach*, 2013 U.S. Dist. LEXIS 1252, 2013 WL 74251, at *1.

The resolution in this case is consistent with the purpose of the FLSA, which is meant to protect workers from employment agreements that may not work out in their best interests but that, because of lack of bargaining power, they have no choice but to accept. See 29 U.S.C. § 202 (congressional finding and declaration of policy); *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706, 65 S. Ct. 895, 89 L. Ed. 1296 (1945) ("The statute was a recognition of the fact that due to the unequal bargaining power as between employer and employee, certain segments of the

9

population required federal compulsory legislation to prevent private contracts on their part which endangered national health and efficiency . . . .").

The proposed settlement agreement does not contain a confidentiality provision and the terms of the settlement agreement do not otherwise frustrate the purposes of the FLSA. *See In re Chickie's & Pete's Wage & Hour Litig.*, 2014 U.S. Dist. LEXIS 30366, *9-11 (E.D. Pa. 2014)(approving FLSA settlement agreement even where it contained a confidentiality provision after finding that "[t]he Proposed Agreement will be publicly available, and the limited confidentiality provision is not unduly restrictive so as to frustrate the purpose of FLSA where it does not seek to seal the record or prohibit Plaintiffs from discussing this matter with anyone, but only prohibits Plaintiffs from disparaging Defendants or discussing the substance and negotiations of this matter with the press and media); *Brumley v. Camin Cargo Control, Inc.*, No. 08-1798, 2012 U.S. Dist. LEXIS 40599, 2012 WL 1019337, at *4 (D.N.J. 2013).

### IV. Conclusion

Based on the foregoing, the parties respectfully request that this Honorable Court approve the Settlement Agreement and enforce settlement in this case.

Respectfully submitted,

| | |
|---|---|
| **KARPF, KARPF & CERUTTI, P.C.** | **DEUTSCH ATKINS, P.C.** |
| *ns/ Jeremy M. Cerutti* | *ns/ Adam J. Kleinfeldt* |
| Jeremy M. Cerutti, Esq. | Adam Kleinfeldt, Esq. |
| Karpf, Karpf & Cerutti, P.C. | Deutsch Atkins, P.C. |
| 3331 Street Road | 25 Main Street, Suite 2014 |
| Two Greenwood Square, Suite 128 | Hackensack, NJ 07601 |
| Bensalem, PA 19020 | Attorney for Defendant |
| Attorney for Plaintiff | |

Date: March 7, 2019

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID SILVA | CIVIL ACTION |
| Plaintiff, | |
| v. | NO.: 18-14845 |
| C A C INTERNATIONAL, LLC | |
| Defendant. | |

## CERTIFICATE OF SERVICE

I certify on the date set forth below, that I served the Parties' Motion for Court Approval of Settlement via ECF to:

Adam J. Kleinfeldt, Esq.
Deutsch Atkins, P.C.
25 Main Street, Suite 104
Hackensack, NJ 07601
akleinfeldt@deutschatkins.com


*/s/ Jeremy M. Cerutti*
Jeremy M. Cerutti, Esq.


Dated:  March 7, 2019

11