# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID SILVA | |
| Plaintiff, | Civil Action No: |
| v. | 18-14845 (LDW) |
| C A C INTERNATIONAL, LLC | **MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR FINAL SETTLEMENT APPROVAL** |
| Defendant. | |

**THIS MATTER** comes before the Court on plaintiff's motion for final settlement approval. ECF No. 11. The parties have consented to Magistrate Judge jurisdiction. ECF No. 14. For the reasons set forth below, plaintiff's motion is **GRANTED**.

## I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff brought this action in October 2018 alleging that defendant failed to pay him overtime wages for his time worked in excess of forty hours per week, in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), and the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56(a), *et seq.* *See* Complaint, ECF No. 1. Defendant filed an Answer in February 2019, disputing the allegations and denying liability. ECF No. 5. The parties then notified the Court on February 25, 2019 that a settlement had been reached and submitted the instant motion for final settlement approval on March 7, 2019. ECF No. 11. The Court held a telephone conference on April 24, 2019 to discuss the scope of the release of claims in the proposed settlement. The parties submitted an Amendment to the settlement agreement on May 7, 2019 stating that the parties have agreed to settle this action for $4,000 in consideration for plaintiff's overtime claims and $1,000 in consideration for a full waiver and release of any and all other claims. ECF No. 16.

## II. LEGAL STANDARD

Congress enacted the FLSA for the purpose of protecting "all covered workers from substandard wages and oppressive working hours." *Barrentine v. Arkansas-Best Freight Sys.*, 450 U.S. 728, 739 (1981). The FLSA recognizes that "due to the unequal bargaining power as between employer and employee, certain segments of the population required federal compulsory legislation to prevent private contracts on their part which endangered national health and efficiency and as a result the free movement of goods in interstate commerce." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706-07 (1945).

To approve an FLSA settlement agreement in the Third Circuit, the Court must determine that, "the compromise reached 'is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" *Brumley v. Camin Cargo Control, Inc.*, Civ. No. 08-1798 (JLL), 2012 WL 1019337, at *2 (D.N.J. Mar. 26, 2012) (quoting *Lynn's Food Stores. Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982). In determining whether the compromise resolves a bona fide dispute, the Court must find that the settlement "reflect[s] a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching," and the bona fide dispute must be determined to be one over "factual issues" not "legal issues such as the statute's coverage or applicability." *Id.* (citations omitted).

### A. "Bona fide" Dispute

Here, the settlement resolves a bona fide dispute over whether Plaintiff was exempt from the overtime requirements of the FLSA, the number of hours Plaintiff actually worked, whether Plaintiff worked more than 40 hours in any work week, and whether the parties properly recorded Plaintiff's hours. These factual disputes required the case to be litigated by both parties.

### B. Fair and Reasonable Resolution

Next, the Court considers whether the resolution is "fair and reasonable." *Brumley*, 2012 WL 1019337, at *2. In this case, defendant has agreed to pay plaintiff for his claims of unpaid wages and attorney's fees and costs (as set forth in the agreement), which represent his damages in this case. Counsel for the parties represent that the amount of the settlement is proportionate to plaintiff's alleged losses. In addition, the settlement agreement includes consideration by defendant for plaintiff's waiver of all claims. Defendant denies any violations of the FLSA or state law and does not admit to any liability via this agreement. Instead, the settlement agreement represents a negotiated resolution of disputed facts. As a result, the resolution is fair and reasonable.

The proposed settlement agreement does not contain a confidentiality provision and the terms of the settlement agreement do not otherwise frustrate the purposes of the FLSA. *See Brumley*, 2012 WL 1019337, at *6 (D.N.J. 2013).

### III. CONCLUSION

Based on the foregoing, the Court approves the Settlement Agreement at ECF No. 11 and the Amendment to the Settlement Agreement at ECF No. 16 and the motion at ECF No. 11 is **GRANTED**. The parties shall proceed with the administration of the settlement in accordance with the terms of the Settlement Agreement. The entire case is dismissed with prejudice, with each side to bear its own attorneys' fees and costs, except as set forth in the Settlement Agreement.

Dated: May 8, 2019

Honorable Leda Dunn Wettre
United States Magistrate Judge